# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **TERRY F. ALLEN,** | ) |
| **Plaintiff,** | ) |
| v. | ) CIVIL ACTION 07-0479-WS-M |
| **BRUISTER & ASSOCIATES, INC.,** | ) |
| **Defendant.** | ) |

## ORDER

This matter is before the Court *sua sponte* based on the undersigned's preliminary review of the Notice of Removal (doc. 1) filed by defendant, Bruister & Associates, Inc. ("Bruister").

The court file reflects that on May 23, 2007, plaintiff Terry F. Allen, proceeding *pro se*, filed a one-paragraph Complaint against Bruister in the Circuit Court of Mobile County, Alabama. The Complaint does not specifically identify the legal theory or theories under which Allen is proceeding; however, he complains that Bruister "paid [him] a paycheck that was not correct," that after he notified Bruister of the error he "rec[ei]ved another incorrect check," and that after he complained again he learned that he "was no longer an employee" of Bruister. (Complaint, at 1.) Allen asserts that he has "still not been compensated fully for the work [he] performed." (*Id.*)

Based on no further information or allegation than that, Bruister filed a Notice of Removal (doc. 1) removing this action to this District Court. Defendant's explanation for removing this action to federal court is, in its entirety, as follows: "Based on the nature of the allegations on the face of the complaint, Plaintiff appears to be asserting a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* As such, this court has jurisdiction over these claims pursuant to 28 U.S.C. § 1331, and the Complaint is removable pursuant to 28 U.S.C. § 1441 (a) and (b)." (Notice of Removal, ¶ 2.) Aside from the foregoing conclusory statement, Bruister offers no explanation for its belief that Allen is suing under the FLSA, as opposed to any of a number of potential state-law theories.

Because federal courts have narrowly circumscribed jurisdiction, this Court bears an affirmative duty to inquire *sua sponte* whenever it appears that subject matter jurisdiction may be lacking.  *See Fitzgerald v. Seaboard System R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985) ("A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises."); *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) ("[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises.").

Nothing on the face of the Complaint supports a reasonable conclusion that Allen is suing Bruister under the Fair Labor Standards Act ("FLSA") or any other federal statute, much less that the FLSA would preempt any state-law claim that Bruister might be bringing.  "The FLSA establishes minimum labor standards to eliminate labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers."  *Hogan v. Allstate Ins. Co.*, 361 F.3d 621, 625 (11th Cir. 2004) (citation omitted) (referencing minimum wage and overtime provisions of the Act).  But that statute does not create a federal remedy for every worker who receives an "incorrect check" from his employer or who has "not been compensated fully" for work performed.  The FLSA entitles workers to sue their employers to recover unpaid minimum wages or unpaid overtime compensation.  *See* 29 U.S.C. § 216(b).  It also entitles workers to sue if they are discharged or otherwise discriminated against for having filed complaints, instituted proceedings, or provided testimony in any proceedings under or related to the FLSA.  *See id.*  However, the FLSA is not a general payment of wages statute.  Unless Allen's claim is predicated on unpaid minimum wages or overtime compensation, or alleges unlawful retaliation for protected activity under the FLSA, then, his Complaint cannot arise under the FLSA.  There is no reason to believe that Allen's claim has anything to do with unpaid overtime or minimum wages; rather, on its face, the Complaint merely references two paychecks being "incorrect" in unspecified ways and states plaintiff's belief that he has "not been compensated fully" for work he performed for Bruister.  Such alleged wrongs may be actionable under any number of state-law theories, and it is only through wild conjecture and rank speculation that the defendant could possibly conclude from

reading the Complaint that Allen's claim is predicated on an alleged violation of the FLSA.

Defendant's removal of this action to federal court and its contention that Allen is bringing an FLSA action so as to give rise to federal question jurisdiction under 28 U.S.C. § 1331 amounts to mere speculation. This is improper. The Eleventh Circuit recently explained that in assessing the propriety of removal, "the district court has before it only the limited universe of evidence available when the motion to remand is filed - i.e., the notice of removal and accompanying documents. If that evidence is insufficient to establish that removal was proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213-15 (11th Cir. 2007) (footnotes and citations omitted). Nor would it be appropriate to authorize defendant to conduct discovery in federal court in a *post hoc* attempt to rationalize its shoot-first-ask-questions-later stratagem. *See id.* at 1217 (declaring that district courts "should not reserve ruling on a motion to remand in order to allow the defendant to discover the potential factual basis of jurisdiction" because "[s]uch fishing expeditions would clog the federal jurisdictional machinery").

For all of these reasons, Bruister's removal of this action to federal court was precipitous, at best. The law is clear and mandatory that "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded to the state court from whence it came." *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (citation omitted); *see generally Beard v. Lehman Bros. Holdings, Inc.*, 458 F. Supp.2d 1314, 1317 (M.D. Ala. 2006) ("Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear."). That being precisely the case here, this action is hereby **remanded** to the Circuit Court of Mobile County, Alabama, for further proceedings, on the grounds that the Notice of Removal and Complaint are insufficient to establish the presence of federal subject matter jurisdiction.

DONE and ORDERED this 13th day of July, 2007.

        s/ WILLIAM H. STEELE
        UNITED STATES DISTRICT JUDGE